Good morning, Your Honors. May it please the Court, my name is Caitlin Redfield-Ortiz. Can you speak up, please, into the mic? Yes. Caitlin Redfield-Ortiz, on behalf of the Plaintiff Appellant Marcie Redgrave in this case, I will watch the clock to reserve two minutes for rebuttal. This Court's recent decision in Walden v. Nevada Department of Corrections squarely answers the only question in this case. Because it's now a binding precedent, it compels reversal of the District Court's dismissal. The sole question in this case is whether Arizona has state sovereign immunity under the FLSA. And Walden answers this question clearly. It says, a state defendant that removes a case to federal court waives its immunity from suit on all federal law claims brought by the Plaintiff. Well, that deals with immunity from suit, but it doesn't deal with immunity from liability. Footnote 1. Right. However, state sovereign immunity is immunity from suit. Under Justice Kennedy's opinion in Alden v. Maine, state sovereign immunity is immunity from suit. And I will go ahead and read that for clarity. It says, in light of history, practice, precedent, and the structure of the Constitution, we hold that the states retain immunity from private suit in their own courts, an immunity beyond the Congressional power to abrogate, by Article 1. So, I think that that's pretty clear, that state sovereign immunity is immunity from suit. Yeah, but they're two different questions. Let's suppose that there are ten claims in a case, and the state removes to federal court, thus saying, sure, we're happy to be sued. And for eight of these claims, our statutes waive immunity from liability. But for these two claims, there's no liability on the part of the state. They haven't given up that part. So, talk to us about why, under Arizona law, the state has agreed to be potentially liable for a wage claim under federal law. Well, I think that that's exactly the issue that Walden answered. It isn't. So, just bear with me and talk to me about Arizona law. Okay. So, if the court decides that it needs to reach Arizona law, and that Walden isn't sufficient, then it should still find that the state lacks state sovereign immunity under ARS 12-820.01. So the plain text of that act provides no sovereign immunity in this situation. It says, that there's immunity only for the exercise of an administrative function involving the determination of fundamental governmental policy, which in turn must involve the exercise of discretion. Arizona has no discretion to not follow the Fair Labor Standards Act. Garcia has decided that, the Supreme Court decided that in Garcia. The Fair Labor Standards Act by itself, by the text on its face, applies to the states. The state has no discretion to choose to evade that law. So, on the text, on the plain face of the law itself, there's no sovereign immunity. The legislative history of the law also indicates that waiver was intended in Arizona to apply very broadly. In passing the act, the legislature considered a variety of previous versions of the act, which all included limiting language that it chose to eliminate all references to tort that were in those previous versions and that were in suggested versions of the act. And that elimination must be given meaning. It was eliminated to make the act apply more broadly. But doesn't the limitation apply only to tort liability? No, I don't believe so. First of all, there's nothing in the state statute that's so limited. The word tort doesn't appear at all in ARS 12-820.01. Arizona courts have applied this statute to find immunity waived in non-tort cases. In fields that was specifically including both breach of contract and wage claims, but they were state law claims, is there any reason in Arizona law of which you are aware why the state would have waived immunity for wage claims under state law, but not waived immunity for federal wage claims that are similar? I'm not sure I understand your question, but let me say there are no cases in Arizona where the state has considered and waived immunity for a federal wage claim. It just hasn't happened yet until now. Well, what do we do with the 1984 Act, Actions Against Public Entities or Public Employees Act of 1984? That's the ACTA issue in this case, and that's the one that says the exercise of an administrative function must involve the exercise of discretion. And the state here has no discretion to evade the Fair Labor Standards Act. Okay, what do you do with this language? This article shall not be construed to affect, alter, or to otherwise modify any other rules of tort immunity. You're clearly talking about tort immunity as did the Stone case in 1963. Right. So on those two points, that provision that refers to tort immunity does refer to tort immunity, but it doesn't mean that the Act refers only to tort immunity. It just states that in 1984, in terms of sovereign immunity, has been applied through tort cases, which isn't actually that surprising because Alden v. Maine didn't create state sovereign immunity for FLSA claims until 1999. So what case are you relying on to establish the proposition that the state of Arizona has waived all immunity with respect to all claims under federal law against the state? It has to be Walden, Your Honor. It has to be what? Walden, the recent December decision of this court. And that's because of one sentence. Yeah, but that's bootstrapping, isn't it? Walden says if you waive immunity in the state, it's waived from the federal. A very, very logical conclusion. But it presumes step one. And you have to tell me where the state has waived its sovereign immunity with respect to this kind of claim. I think it has to be footnote four. Footnote four says because we affirm on the waiver by removal ground, we do not address plaintiff's alternate argument that Nevada has waived sovereign immunity from FLSA claims by enacting the Nevada statute. So there are two kinds of sovereign immunity that a plaintiff must establish waived before they can proceed. Eleventh Amendment immunity and state sovereign immunity. We know that Walden waives Eleventh Amendment immunity. It's very clear. But this footnote four also itself waives state sovereign immunity. And it's somewhat complex. I'm not sure I got it right in the brief, so I want to go through it carefully. In other words, you're saying footnote four of Walden, which was not an Arizona case. It's not. Binds Arizona? Yes. Do you have any better authority than that? Well, I'd like to explain footnote four. So the only way that a state can successfully be sued is to waive both immunities. And in Walden, this court affirmed, and it sent the case back to Nevada's district court and allowed it to proceed. It waived Eleventh Amendment immunity and state sovereign immunity. So it must have found by affirming and sending it back that both immunities were waived, state sovereign and Eleventh Amendment. The only way to waive state sovereign immunity is through two ways. You can waive it by statute or you can waive it by removal. The plaintiff in Walden himself argued, as I did in my brief, that it was the Arizona statute. But Walden decided that it wasn't going to reach that waiver statute. So the only possible way it could have found waiver is through removal. So that footnote four shows that removal waives both Eleventh Amendment immunity and state sovereign immunity. Counsel, in your principal brief, you not only didn't argue that there was a waiver through removal, you affirmatively disclaimed that argument. So I'm sure we have Walden, but why should we entertain the argument now? Yes, I did. And actually, so did the counsel in Walden, but the court decided to go there anyway. And it has the right to do that. The Ninth Circuit, I cite this in the reply brief, I believe, but the Ninth Circuit has held that it is issues that are waived, not arguments. So I decided not to proceed with that argument, but the court, as it showed in Walden, has the ability to decide a claim on any basis that it wants, whether an argument that I've made or someone else. So it did that in Walden, and it has the ability to do so here. And with that, I'll reserve the remainder of my time for rebuttal. You may do that. Your Honors, may it please the Court, my name is Corey Walker. I represent appellees which for ease of discussion today I will refer to as the State of Arizona in my arguments. The points I intend to discuss today are, first, that the state has not waived its sovereign immunity to an FLSA claim through the Actions Against Public Entities or Public Employees Act. And for brevity, I'd like to refer to this as just the Act. And second, that the state's removal of this case from state court to federal court did not waive its sovereign in this case. Counsel, let me start with your first question. And in the Fields case, the Arizona Supreme Court said that an action against the state for failure to pay wages under a state act, there was no immunity for that. Do you agree with that reading of the case?  Okay. So what in the language of the statute or in any other Arizona Supreme Court case, where do we find a principle basis to say that one can bring state wage claims but not federal wage claims? Well, Your Honor, to answer that, we go back to the principles of sovereignty that have existed from the beginning of the Union. No, I'm asking you about the statute and what it says and what it means. Indeed. So in speaking of the statute, we look to, and this is guided directly by how the Supreme Court has directed, we look to issues of waiver. First of all, I would say that the point regarding the application of the statute to tort is well taken. In 1935, the Arizona Supreme Court said that there was a common law right of action for employees to enforce wage claims. So I don't see how far that gets you. Yes, Your Honor. But the clear intent of the legislature in enacting the act had to do with application of state common law and state law. Where does it say that in the statute? So in the statute itself, that isn't present. However, the legislature made clear its purpose in stating that the legislative purpose of the act had to do with Arizona state law and Arizona common law. There was a very clear intent of the legislature not to go beyond any sort of waiver exceeding state law. That is, because the Supreme Court has told us when dealing with issues of waiver of sovereignty, we have to be very careful and look to the issue of favoring the sovereign. We can't imply a waiver through a number of... Well, if you apply the words of the statute, it says nothing about federal versus state. The actual text... Yes, Your Honor. If we were looking at specifically statutory interpretation and that were all, in the text of the act itself, the words, this shall not apply to federal regulation, are not present. However, we know definitively because the legislature... And it doesn't say we are waiving this for state claims or something. I mean, the flip side of that could also be text that would get you there, but it isn't there. Correct, except in the clear statement of the legislature and what it was doing. And as the Supreme Court has said, we must indulge every reasonable presumption against waiver. And where we have the legislature explicitly saying, this is what we're doing. Well, explicitly what it says is the text of the statute. But here, let me ask you a further question. This is obviously a sort of thorny and difficult problem of interpreting a state statute. Why shouldn't we certify this question to the Arizona Supreme Court and ask it to say whether the act waives immunity from suit regarding FLSA claims? Well, Your Honor, I simply don't think that we need to. Well, I know you don't think we need to, but if it appears that the statute is ambiguous or that reasonable arguments can be made on both sides of the question, why wouldn't that be the most appropriate result where Arizona cares and we don't have any dog in the fight? Because we have the clear intention of Arizona in enacting the act. We know what they were trying to do, and we know from the Supreme Court direction how we are to interpret that we are regulating with regard to Arizona state law and Arizona common law. And everything to do with this act is to be done with that purpose in mind. They said that explicitly, and I don't believe that it means that we... Don't we start with the text of the statute? Indeed, and... And the text, as you have said, doesn't say anything about this, one way or the other. Yes, Your Honor, and I... And we know that wage claims under state law can be brought against the state, and they can be brought either as a matter of common law back in the 30s or as a matter of non-immunity under this statute. So doesn't that create a little bit of a tension? You are correct, Your Honor, if we were looking at strict statutory interpretation. But what we're looking at here is waiver and the intent of the state. That is, as explained by the Third Circuit quoting the Supreme Court in College Savings, the Supreme Court has noted that an effective waiver of sovereign immunity, like the waiver of other constitutionally protected rights, must involve the intentional relinquishment or abandonment of a known right. And here we know what the intention was. The legislature stated the intention, so it's not... And College Savings Bank itself says it must be unequivocal. Correct, Your Honor. Would you respond to opposing counsel's reference to footnote four of Walden and why that constitutes a waiver by the state of Arizona of its sovereign immunity? Well, Your Honor, my response is simply that it doesn't, and I think the footnote... Well, it would be nice if you could explain that. Indeed, and if we look to footnote one, I think it answers the question definitively in that it says, we express no opinion on the claim of immunity from liability. Okay, we heard that. I specifically asked you, what is your response to her reliance on footnote four? Footnote four specifically refers to a Nevada statute. Indeed, Your Honor, and a statute in Nevada can't affect the waiver of Arizona sovereignty. Okay, that's the answer. Yes, Your Honor. Thank you. So, if I could further address the workings of the extension of the Embry v. King decision by the Walden decision, even insofar as courts have held that a voluntary invocation of a may act as waiver to an argument that the federal court then has no jurisdiction, this says nothing to do with relinquishing arguments that a state might have in its own courts as to liability. That is, there's no implication at all from the reasoning behind Walden that by removing a case, a state defendant might give up its defenses as to liability, which is being asserted here in which the district court, in part, based its decision on, saying that the state of Arizona has sovereign immunity as to liability with regard to this claim for money damages under the FLSA. And if there are no further questions from Your Honors, I'd conclude by saying the state of Arizona respectfully requests this court affirm the decision of the district court, granting the state's motion to dismiss, and entering judgment in its favor as the state does not have any liability as to appellant's sole claim under the FLSA based on its sovereign immunity as to liability. Thank you, Your Honors. Thank you, Counsel. Your Honors, this case is in almost exactly the same posture as Walden, so Walden should provide a very easy framework for deciding. Walden decided they weren't going to reach the Nevada law. They weren't going to answer a question that might be better left to the Nevada Supreme Court because they decided that waiver by removal waived both 11th Amendment immunity and state sovereign immunity. The court can do that and should do that here because Walden is binding precedent. But if the court chooses to nevertheless look at Arizona law, there's a wealth of evidence both from the legislature, the Arizona Supreme Court, its lower courts, Arizona's constitution that says that the state intends to waive its immunity, that governmental liability is the exception and immunity is the rule. That's clear in the Arizona constitution and its decisions interpreting Stone and its later cases, and frankly, I don't think that there's any reason why Stone or immunity should apply only to tort cases because if you think about it, a tort is a mistake. If the government is willing to take on responsibility for a mistake, then why wouldn't it be willing to take on responsibility and liability? Because it hasn't said so. That's the answer to your question, isn't it? Well, I don't think so. I think it has said so. Stone is very broad. The decisions coming... And it says tort liability. It does say tort liability because, again, that's the only kind of liability that existed in 1963. 1999 was when state sovereign immunity to FLSA claim was created by the Supreme Court. So there was no... The state didn't have the ability to waive something that didn't exist then. But its reasoning is broad. And again, if the state is going to take on responsibility for a mistake, it should also take on responsibility for an intentional violation of applicable federal law. Thank you, Counsel. Thank you. The case just argued is submitted and we appreciate the arguments from both of you.
judges: O'scannlain, Graber, Miller